ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 98-K-2501

ROBERT HARRIS,

    Plaintiff,

v.

SUMMIT COUNTY, JOE MORALES, MONTE GORE, and SCOTT TEETSEL,

    Defendants.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Kane, J.

    This 42 U.S.C. § 1983 civil rights action arises out of an incident at Summit County jail in which Sheriff's Deputy Scott Teetsel sprayed Mace cayenne pepper foam into Plaintiff's eye. Plaintiff claims the use of force was excessive because he was posing no threat to Deputy Teetsel or anyone else, and suggests Teetsel sprayed him in retaliation for comments Plaintiff had made to Teetsel shortly before the incident that embarrassed Teetsel in front of other inmates. Teetsel denies any malice or retaliatory intent in shooting Plaintiff with the pepper foam, and states he did so reasonably and only after Plaintiff moved towards him upon being asked to step out of the pod. Plaintiff denies he made any such move. No other officer was present during the incident.

    In addition to Deputy Teetsel, Plaintiff names Captain Monte Gore, Sheriff Joe Morales and Summit County as Defendants to this action. Plaintiff claims Captain Gore and Sheriff Morales should be held liable for Teetsel's actions in their capacity as supervising officers and asserts Summit County should be held liable based on its alleged failure adequately to train or supervise its officers when using pepper spray. Plaintiff also claims Teetsel, Gore and Morales were each

deliberately indifferent to his serious medical needs arising out of the incident, in further violation of his constitutional rights.

The matter is before me on Defendants' Motion for Summary Judgment. I GRANT the Motion in part and DENY it in part.

*Excessive Force Claim against Officer Teetsel - Qualified Immunity.*

Plaintiff's excessive force claim against Teetsel withstands Defendants' Motion for Summary Judgment, as amended by Deputy Teetsel to raise the defense of qualified immunity under *Saucier v. Katz*, 533 U.S. 194 (2001). As set forth in *Saucier*, a court considering a qualified immunity defense on summary judgment must first determine the threshold question of whether the facts, viewed in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right. 533 U.S. at 201. This must be the initial inquiry. If no constitutional right would be violated even if the allegations were proven, then there is no necessity for further inquiries concerning qualified immunity. *Id.* If a violation could be established on a favorable view of the parties' submissions, the next step is to "ask whether the right was clearly established . . . . [i]n light of the specific context of the case." *Id.* The dispositive inquiry in determining whether a right is clearly established "is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*

Plaintiff's claim is that Teetsel sprayed him in the eye with pepper foam, without provocation and for no other legitimate reason, after he asked Teetsel why he was being moved. Teetsel disagrees, stating Plaintiff was moving towards him and that he was acting reasonably in response to what he perceived as aggressive behavior on the part of Plaintiff. On the record to date, there is no eyewitness or other testimony corroborating one side or the other.

The parties disagree as to the standard to be applied to Plaintiff's claim – either the deliberate

indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) applicable in Eighth Amendment cases concerning conditions of confinement generally, or the higher "malicious and sadistic" standard articulated in *Whitley v. Albers*, 475 U.S. 312 (1986) for use in analyzing excessive force cases when prison officials are responding to actual disturbances or unrest and attempting to restore order. Even under the higher *Whitley* standard, the question in this case would be whether Teetsel shot Plaintiff with pepper spray "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley* at 320-21.

Officer Teetsel relies heavily on deposition testimony elicited from Plaintiff by defense counsel to argue Plaintiff has "admitted" Teetsel was not trying to hurt him and was responding to a "reasonable," if perhaps "mistaken," belief that Plaintiff was acting aggressively. *See* Teetsel Reply at pp. 2-3.[1] According to Teetsel, Plaintiff's testimony has "conclusively established" that Teetsel did not use force against him for the "very purpose of causing harm" as would give rise to liability under *Whitley*. I am unpersuaded.

---

[1] The specific exchanges between Plaintiff and defense counsel at pages 199 and 200 of Plaintiff's deposition are as follows:

> DEFENSE COUNSEL: Okay. But in terms of what you could tell from his body language and his -- the expression on his face, it didn't appear that he was trying to hurt you, but it appeared that he was misunderstanding what you were doing, and that's what caused him to fire the pepper spray at you?
> PLAINTIFF: Yes.
>
> * * *
>
> DEFENSE COUNSEL: Did [Teetsel] appear to just want to hurt you?
> PLAINTIFF: I wouldn't say that either. I think he just never had to deal with somebody asking -- questioning his authority; you know, of why, you know, he wanted me to do something without any justification.
> Q: So you think he mistook your intentions --
> A: Right.
>
> Q: -- as being aggressive?
>
> A: Right.

Viewed in the light most favorable to Plaintiff, there are genuine issues of material fact precluding a judicial determination at the summary judgment stage that Teetsel's conduct was objectively reasonable and not malicious or sadistic or taken for the purpose of causing harm. Such a determination turns largely on the question of credibility, and is therefore one uniquely within the province of the jury.

I proceed, therefore, to consider under *Saucier* whether this standard was clearly established at the time of the incident in 1998, and I conclude that under *Whitley* and related jurisprudence governing the use of pepper spray against inmates, it was. As the Supreme Court explained in applying *Whitley* in 1992, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). At this stage of the proceedings, on facts that may be found by a jury to have been the malicious and unprovoked discharge of pepper foam into the eyes of an inmate who was not acting in a threatening manner, the grant of qualified immunity is unwarranted. *Accord DeSpain v. Uphoff*, 264 F.3d 965, 979-980 (10th Cir. 2001).

Of course at trial, additional facts may come to light showing Teetsel's conduct was reasonable or the jury may disbelieve Plaintiff's presentation of the facts. I do not hold that Teetsel unequivocally violated Plaintiff's Eighth Amendment rights, merely that he is not entitled to qualified immunity on this claim. Defendant Teetsel's Motion for Summary Judgment is therefore **DENIED**.

### *Supervisor and Municipal Liability against Gore,*
### *Morales and Summit County for Teetsel's use of Excessive Force.*

Plaintiff's claims for supervisor and municipal liability against Gore, Morales and Summit County for failure to train and/or supervise Officer Teetsel on the proper use of pepper spray fail for

a lack of evidence under the standards set forth in *Barney v. Pulsipher*, 143 F.3d 1299, 1306-07 (10th Cir. 1998) and *Warner v. Grand County*, 57 F.3d 962, 967-8 (10th Cir. 1995). Plaintiff's supervisor liability claims against Gore and Morales for failing to prevent Teetsel's actions fail under the standards set forth in *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's excessive force claims against Gore, Morales and Summit County.

*Deliberate Indifference to Serious Medical Need - Eighth Amendment Violation.*

A deliberate indifference claim has two components: (1) an objective component requiring the pain or deprivation be sufficiently serious, and (2) a subjective component requiring the offending officials act with a sufficiently culpable state of mind. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 809 (10th Cir.1999). A medical need is serious enough to meet the objective component "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980). The subjective component is met if a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff asserts each of the three individual Defendants is liable under this standard either because they provided inadequate care at the scene by putting him – handcuffed – into a hot, rather than cold, shower thereby exacerbating his injuries (Teetsel) or because they failed later to provide him with requested medical care when his eyes and face continued to burn (Gore and Sheriff Morales). Defendants move for summary judgment on the ground that Plaintiff has failed to establish a "serious medical need" under applicable legal standards, because Teetsel removed

Plaintiff from the shower as soon as he complained it was too hot and treated him with cold water and compresses and because there is no evidence that Plaintiff suffered any actual injury to his eye or that any of his injuries required medical intervention. With gems such as "Plaintiff had concentrated food product in his eye, not poison," Defendants argue Plaintiff cannot meet the threshold of establishing a serious medical need without evidence that "the medical sciences could have provided him any relief." *See* Teetsel's Reply at p. 6.

Based on evidence in the record that Plaintiff was sprayed in the eye and that the manufacturer's label warned that failure to flush the contaminated area with cool water "may result in first or second degree burns, severe skin irritation, depigmentation or other skin injury," *see* Pl's Response Br., Ex. 2, together with Plaintiff's testimony that he developed discoloration of the skin around his eye, blurry vision, and a black spot on the white of his right that continued for several days, I conclude for purposes of summary judgment that Defendants Teetsel and Gore should have recognized the need for medical attention in Plaintiff's case without a medical diagnosis mandating treatment. Plaintiff made three to five written requests to Gore for medical treatment immediately following the incident, which requests were denied. Plaintiff testified that Gore stated he "was sticking by his officers" and threatened to take away Plaintiff's commissary privileges if he pressed the issue further. This evidence also supports a finding that both Defendants had enough information to infer Plaintiff was at substantial risk of injury and disregarded it, thereby meeting the subjective prong of the *Farmer* standard. Again, the facts developed at trial may demonstrate Plaintiff was and is exaggerating his injuries and that no "serious medical need" was apparent to either Defendant at the time he became aware of the incident, but I leave those determinations to a jury.

The evidence is insufficient to create a triable issue on either prong of the *Farmer* standard as to Sheriff Morales, however, who only met with Plaintiff four days after the incident, launched

an investigation, but opted not to refer Plaintiff for medical treatment. Accordingly, summary judgment is appropriate on Plaintiff's inadequate medical care claim against Morales.

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. The Motion is granted and summary judgment shall enter in favor of Defendants Gore, Morales and Summit County on Plaintiff's claims for excessive force. The Motion is also granted as to Plaintiff's inadequate medical care claim against Sheriff Morales. The Motion is denied as to Plaintiff's claims for excessive force against Deputy Teetsel, and Plaintiff's claims for inadequate provision of medical care against Defendants Teetsel and Gore. Summit County is dismissed from this action entirely. This case will be set for pretrial conference forthwith. The parties should anticipate no further delays in the administration of this case.

Dated this 6 day of April, 2005.

BY THE COURT:

JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
GREGORY C. LANGHAM, CLERK
U. S. Courthouse
901 19th Street, Rm. A-105
Denver, CO 80294
(303) 844-3433

Date:     **April 6, 2005**

Case No.     **98-K-2501**

The undersigned hereby certifies that on the above date a true and correct copy of the preceding **ORDER** signed by Judge John L. Kane on **April 6, 2005** was mailed to the following:

Kathryn E. Miller, Esq.
Miller & Steiert, P.C.
1901 W. Littleton Boulevard
Littleton, CO 80120-2058

Michael S. Freeman, Esq.
Faegre & Benson, LLP
**D.C. Box 21**

Melanie B. Lewis, Esq.
Hall & Evans
**D.C. Box 05**

Josh Adams Marks, Esq.
Berg, Hill, Greenleaf & Ruscutti, LLP
1712 Pearl Street
Boulder, CO 80302

Jonathan A. Cross, Esq.
Charles W. Westby, Esq.
Cross Sands & Sares, PC
400 South Colorado Blvd. #900
Glendale, CO 80246-7711

April 6, 2005

GREGORY C. LANGHAM, CLERK

_____
Deputy Clerk